UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHANELLE JAMISON and SHURLYNN SEALES, | ) ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | Civil Action No. |
| KOHL'S, INCORPORATED, | ) ) ) |  |
| Defendant | ) ) |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties, Jurisdiction and Venue

1. Plaintiff Chanelle Jamison ("Ms. Jamison") is an individual residing at 435 North Street, Apt 8, Randolph, MA 02368.

2. Plaintiff Shurlynn Seales ("Ms. Seales") is an individual residing at 7 Jasper Street, Saugus, MA 01906.

3. Defendant Kohl's Inc. ("Kohl's") is a foreign corporation incorporated in Wisconsin with a principal place of business at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

4. Massachusetts has jurisdiction over Kohl's pursuant to M.G.L. c. 223A § 3.

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 because the Plaintiffs and the Defendant are domiciled in different states and the amount in controversy exceeds $75,000.

6. Venue is appropriate pursuant to 28 U.S.C.A. sec. 1391(b) because the events giving rise to the claims herein occurred in Massachusetts, the Plaintiffs reside in Massachusetts, and Kohl's operates in Massachusetts.

**Facts**

7. On April 17, 2023, Ms. Jamison and Ms. Seales were shopping and browsing at the Taunton, Massachusetts Kohl's store ("the Store"), looking for a particular pair of shorts.

8. When they discovered that the Store did not have the shorts in their sizes, they decided to go to the next nearest Kohl's store to see if they had their size.

9. Upon approaching the exit of the Store, Ms. Jamison and Ms. Seales saw a large group of Kohl's employees grouped in a circle directly next to the exit.

10. They overheard the group of employees saying, "Here they come," "Watch this," and "It's about to happen."

11. Ms. Jamison and Ms. Seales were confused and embarrassed and became immediately worried when, upon exiting the Store, the group of employees broke into raucous applause, cheering loudly as they exited the Store.

12. Three police cruisers were parked along the sidewalk immediately outside the Store's exit, and as soon as Ms. Jamison and Ms. Seales exited the Store two police officers confronted them claiming they were being detained for shoplifting.

13. Ms. Jamison and Ms. Seales explained to the officers that they were not shoplifting and voluntarily let the officers search their belongings and bags to confirm that nothing had been stolen.

14. Upon realizing that Ms. Jamison and Ms. Seales had no stolen items in their possession, the officers then told them they were still being detained as they waited for the Store

15. Manager, who falsely claimed to have video evidence of that supposedly supported the accusations of shoplifting.

15. After determining that the Store Manager was not able to provide any evidence to show they were shoplifting, the officers let Ms. Jamison and Ms. Seales leave the premises.

16. The officers told Ms. Jamison and Ms. Seales that they were "banned" from reentering the Store.

17. The Store Manager, without any reasonable suspicion or evidence, made the baseless decision to call the police and falsely accuse Ms. Jamison and Ms. Seales of shoplifting, resulting in Ms. Jamison and Ms. Seales being subjected to unwarranted detention.

18. The Store Manager extended the Plaintiffs' detention by falsely claiming to have evidence that could be shown to the police in support of the shoplifting accusations.

19. Plaintiffs have complied with all applicable prerequisites to bringing this action.

## COUNT I
## Intentional Infliction of Emotional Distress

20. Ms. Jamison and Ms. Seales reassert the allegations set forth in the preceding paragraphs.

21. Kohl's premeditated and choreographed display of public shaming was intended to cause emotional distress.

22. Kohl's conduct in subjecting the Plaintiffs to public humiliation and unnecessary detention was extreme and outrageous and caused severe emotional distress.

23. As a result of Kohl's intentional actions, Ms. Jamison and Ms. Seales suffered emotional distress, consequential damages and other damages so proven at trial.

24. Kohl's is liable to Ms. Jamison and Ms. Seales for consequential damages, punitive damages, and other damages so proven at trial.

## COUNT II

### Unfair and Deceptive Practices in Violation of M.G.L. c. 93A §§ 2 and 9

25. Ms. Jamison and Ms. Seales reasserts the allegations set forth in the preceding paragraphs.

26. Kohl's actions through its agents constituted an unfair trade practice, in violation of M.G.L c. 93A § 2, including interference with a consumer's right to access or enjoyment of that commerce, in violation of M.G.L c. 93A § 9.

27. In accordance with 93A § 9(3), Ms. Jamison and Ms. Seales sent a written demand for relief to Kohl's on September 5, 2023, and received no response.

28. Kohl's actions through its agents were willful and Kohl's is liable to Ms. Jamison and Ms. Seales for multiple damages and an award of attorneys' fees and costs pursuant to M.G.L. c. 93A § 9.

### COUNT III
### Discrimination in Violation of Massachusetts Civil Rights Act, M.G.L c. 12 § 11I

29. Ms. Jamison and Ms. Seales reassert the allegations set forth in the preceding paragraphs.

30. Kohl's actions of calling the police and having Ms. Jamison and Ms. Seales detained interfered with Ms. Jamison and Ms. Seales constitutional right of access to places of public accommodation free of discrimination through threats, intimidation, and coercion.

31. Kohl's are liable to Ms. Jamison and Ms. Seales for damages suffered as a result of these actions, including without limit consequential damages, punitive damages, and other damages so proven at trial.

### COUNT IV
### Discrimination in violation of M.G.L. c. 272 § 98

32. Ms. Jamison and Ms. Seales reassert the allegations set forth in the preceding paragraphs.

33. Kohl's actions constitute Public Accommodation Discrimination based on race/color, in violation of M.G.L. c.272 § 98.

34. By choreographing a display of public shaming; contacting the police and seeking the Plaintiffs' wrongful detention; seeking to prolong the Plaintiffs' wrongful detention under false pretenses; and purportedly banning the Plaintiffs from their stores, Kohl's (through its employees) engaged in race discrimination in violation of M.G.L. c. 272 § 98.

35. Kohl's is liable to Ms. Jamison and Ms. Seales for damages suffered as a result of these actions, including without limit consequential damages, punitive damages, and other damages so proven at trial.

## COUNT V
## Aiding and Abetting Discrimination in Violation of M.G.L. c. 272 § 98

36. Ms. Jamison and Ms. Seales reasserts the allegations set forth in the preceding paragraphs.

37. Kohl's actions constitute aiding and abetting Public Accommodation Discrimination based on race/color, in violation of M.G.L. c.272 § 98.

38. Kohl's is liable to Ms. Jamison and Ms. Seales for damages suffered as a result of these actions, including without limit consequential damages, punitive damages, and other damages so proven at trial.

## COUNT VI
## Retaliation in violation of M.G.L. c. 151B, § 4(4)

39. Ms. Jamison and Ms. Seales reasserts the allegations set forth in the preceding paragraphs.

40. Kohl's action of permanently banning Ms. Jamison and Ms. Seales from the store constitutes retaliation for engaging in a protected activity, in violation of M.G.L. c.151B § 4(4).

41. Kohl's is liable to Ms. Jamison and Ms. Seales for damages suffered as a result of these actions, including without limit consequential damages, punitive damages, and other damages so proven at trial.

## Demand for Relief and Jury Trial

WHEREFORE, the Plaintiffs respectfully requests that this Court provide them with the following relief:

A) Award them the total amount of compensatory damages;

B) Award them punitive damages;

C) Award them the total amount of their reasonable attorneys' fees and costs incurred in bringing this action; and

D) Award them such other and further relief as the Court deems appropriate.

**THE PLAINTIFFS DEMAND A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

Respectfully,

Plaintiff Chanelle Jamison
Plaintiff Shurlynn Seales
By their attorney,

*/s/Benjamin C. Rudolf*
Benjamin C. Rudolf, BBO#667695
Rudolf, Smith, Griffis &Ruggieri, LLP
446 Main Street, Suite 1503
Worcester, MA 01608
p. (508) 425-6330
f. (508) 536-0834
rudolf@rudolfsmith.com

Dated: November 8, 2024